# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-1056V
Filed: June 16, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| AMANDA L. ISAACSON, | * | UNPUBLISHED |
| | * | |
| | * | |
| Petitioner, | * | Decision on Damages; |
| | * | Proffer; Influenza ("Flu") |
| v. | * | Vaccine; Rapid Progressive |
| | * | Glomerulonephritis ("RPGN"); |
| SECRETARY OF HEALTH | * | Progressive Glomerulonephritis |
| AND HUMAN SERVICES, | * | with Monoclonal IgG Deposits |
| | * | ("PGNMID") |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Scott Taylor, Esq.*, Urban and Taylor, S.C., Milwaukee, WI, for petitioner.
*Darryl Wishard, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Roth**, Special Master:

On October 29, 2014, Amanda L. Isaacson ["Ms. Isaacson" or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, et seq.[2] (the "Vaccine Act" or "Program"), alleging that an influenza ("flu") vaccination she received on November 3, 2011 caused her to develop glomerular nephritis.[3] *See* Petition at 1-2, ECF No. 1. An entitlement hearing was held on January 24 and 25, 2019, in Washington D.C. ECF

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Petitioner initially included a claim that she suffered from Postural Orthostatic Tachycardia Syndrome ("POTS"). Petitioner filed an expert report from Dr. Younger, a neurologist, and supporting medical literature. Pet. Ex. 15-16, ECF No. 22; Pet. Ex. 17-18, ECF No. 23; Pet. Ex. 19, ECF No. 24. Following a status conference on October 5, 2017 and discussion regarding petitioner's claim for POTS, petitioner filed a status report on December 4, 2017 formally advising she would not be pursuing her claim for POTS. *See* Scheduling Order, ECF No. 48; Pet. S.R., ECF No. 50.

No. 79. I issued a ruling on entitlement, finding that petitioner was entitled to compensation. *See* Ruling on Entitlement, ECF No. 90.

Respondent filed a proffer on June 16, 2021, agreeing to issue the following payment. Proffer, ECF No. 100.

> **A lump sum of $198,659.42 in the form of a check payable to petitioner, Amanda L. Isaacson,** representing **$12,248.68** in projected life care expenses, **$20,585.32** in lost earnings, **$153,497.69** in actual and projected pain and suffering, and **$12,327.73** in past unreimbursable expenses. The lump sum amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt respondent's proffer attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| AMANDA L. ISAACSON, | ) |
| | ) |
| | ) No. 14-1056V |
| Petitioner, | ) Special Master Roth |
| | ) ECF |
| v. | ) |
| | ) |
| SECRETARY OF HEALTH AND | ) |
| HUMAN SERVICES, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 29, 2014, Amanda Isaacson ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, et seq. (the "Vaccine Act"), alleging that an influenza ("flu") vaccination she received on November 3, 2011, caused her to develop glomerulonephritis. Petition at 1-2. On November 25, 2020, Special Master Roth issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for her glomerulonephritis.[1] ECF No. 90.

**I.     Compensation for Vaccine-Related Items**

Respondent proffers that, based on the evidence of record, petitioner, Amanda L. Isaacson, should be awarded **$198,659.42**, which amount represents $12,248.68 in compensation for projected life care expenses; $20,585.32 in lost earnings; $153,497.69 in actual and projected

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the Special Master's November 25, 2020 Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following issuance of the damages decision.

1

pain and suffering, and $12,327.73 for past unreimbursable expenses.[2] This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the Special Master's decision and the Court's judgment award the following:[3]

> A lump sum payment of **$198,659.42** in the form of a check payable to petitioner, Amanda L. Isaacson.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[2] This amount reflects that any award for projected life care expenses, lost future earnings, or projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(f)(4)(A).

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

/s/Darryl R. Wishard  
DARRYL R. WISHARD  
Assistant Director  
Torts Branch, Civil Division  
U.S. Department of Justice  
P.O. Box 146  
Benjamin Franklin Station  
Washington, D.C. 20044-0146  
Tel: (202) 616-4357

Dated: June 16, 2021